## Supreme Court—General Term—First Department.

### *March*, 1886.

## PEOPLE *v.* FULDA.

PRACTICE OF MEDICINE—PENAL CODE, § 356; LAWS OF 1880, CHAP. 513, §§ 1, 2—SPECIFIC OFFENSE CHARGED, NECESSITY OF PROOF AS TO.

Defendant was indicted for unlawfully practicing medicine in the city of New York, the indictment containing three counts drawn respectively under sections 536, Penal Code, and sections 1 and 2, chap. 513, Laws of 1880, the specific offense charged in each count being that of prescribing as a physician for one John Irwin. It appeared from the evidence on the trial that defendant had prescribed for a boy, then in court, at the time referred to in the indictment, and there was no evidence as to who the boy was, or that defendant had prescribed for John Irwin.
*Held,* insufficient to establish the offense charged.

APPEAL from a judgment of the Court of General Sessions of New York, November 9, 1885, convicting defendant, Albin Fulda, of a misdemeanor.

The defendant was indicted in said court, October 23, 1885, for the unlawful practice of medicine. The indictment contained three counts, each describing the same act, and drawn respectively under section 356 of the Penal Code and sections 1 and 2 of chapter 513 of the Laws of 1880.

The jury returned a verdict of guilty, and thereupon the court rendered judgment for a fine of one hundred and fifty dollars. From that judgment the appellant appealed to this court.

Further facts appear in the opinion.

*A. Suydam*, for the prisoner, appellant.—I. The act charged was not proved, nor was any act whatever proved to have been committed in the city and county of New York. The indictment charges an examination and treatment of and prescription for "one John Irwin." It was clearly necessary to charge some specific act of practice, so that the defendant could prepare for his defense. *Code Crim. Pro.*, § 275, *subd.* 2; Thompson *v.* Staats, 15 *Wend.* 395. And the act must be proved as charged. United States *v.* Williams, 5 *Cranch C. C.* 621. The evidence is that the appellant prescribed for "a boy" at No. 338 East Fourteenth street. The name of the boy, and the name of the city or county in which this was done, are nowhere mentioned. This objection was involved in the motion to advise an acquittal.

II. The burden of proof that appellant had no license was on the people. Mr. Bishop says the authorities "are in a muddle." *Bish. on Stat. Crimes*, §§ 1051, 1052. The case of People *v.* Nyce (3 *N. Y. Crim. Rep.* 50), does not seem to have been well considered by the court. Three cases are there cited to sustain the proposition that the burden is on the defendant. They are all actions against liquor sellers. Only one is a criminal action (People *v.* Quant, 2 *Park.* 410), and in it the question as to the burden of proof is not raised or discussed. The other two cases were civil actions for penalties. And in the only one of these

two cases in which the question is really discussed (Potter *v.* Deyo, 19 *Wend.* 361), the distinction in this respect between criminal and civil actions is clearly drawn. BRONSON, J., speaking for the court, says: " The cases where the negative charged consists of a criminal neglect of duty, and where the law presumes innocence, depend on a different principle." And he cites: Williams *v.* East India Co. (3 *East.* 192), Rex *v.* Rogers (2 *Campb.* 654), which fully sustain this distinction. See, also, McPherson *v.* Cheadell, 24 *Wend.* 15, 25, and cases cited. A distinction must also be drawn between actions against liquor sellers, and cases like the one at bar; for the sale of liquor may be absolutely prohibited. Wynehamer *v.* People, 13 *N. Y.*, 378. The Legislature would have no power to prohibit the practice of medicine. At the most they can only regulate it. People *v.* Marx, 3 *N. Y. Crim. Rep.* 200; Matter of Jacobs, 2 *Id.* 539.

III. A general verdict of guilty on this indictment was improper. The defendant was entitled to be admonished, by the record of this case, what he must do to avoid future prosecution. Was his authority insufficient, or was his registry defective? The record furnishes no answer.

IV. If the burden of proof was at first upon the defendant, it was shifted to the people by the introduction of his certificate of registry. By the statute no one can register but a person duly authorized to practice. Therefore, when the defendant offered to register it was the duty of the clerk to determine whether he was entitled to register. The clerk having passed upon that question, and having certified that the defendant did register, " *in compliance with the above acts,*" that certificate raised the presumption that the whole proceeding was regular and lawful, and while not conclusive upon the court below, was sufficient to render it incumbent on the people to prove its irregularity. Mandeville *v.* Reynolds, 68 *N. Y.* 528.

V. The appellant has practiced medicine in New York for thirty years, say, since 1855. Section 356 of the Penal Code was first enacted in 1874 (chap. 436, L. 1874, § 3). For nearly twenty years he had, then, been engaged in the lawful practice of his profession. Chap. 275, L. 1844; Bailey *v.* Mogg, 4 *Den.* 60. He had, therefore, acquired a vested right in his profession,

of which the Legislature could not divest him by requiring new qualifications which he did not theretofore possess. Cummings *v.* State, 4 *Wall.* 277; *Ex parte* Garland, *Id.* 333; Pierce *v.* Carskadon, 16 *Id.* 234. This principle is recognized by nearly every State which has prescribed by statute the qualifications of medical practitioners. From the provisions of such statutes those persons have been exempted who have been practicing for a term of years fixed by the act, generally ten years. *Maine R. S.,* 1871, chap. 13, § 3; *Ohio, Act of May* 5, 1868; *Nevada, Acts of* 1875, chap. 477; *Texas, Act of May* 16, 1873; *West Va., Acts of* 1883, chap. 93, §§ 9, 15; State *v.* Dent, 25 *W. Va.,* 1; *Ex parte* Spencer, 10 *Nev.* 323.

VI. Section 1 of chapter 436 of the Laws of 1874, expressly recognizes the distinction between licensed and unlicensed practioners, and requires the unlicensed to obtain certificates from the censors of the medical societies. Section 2 of the same act requires notice to be given by the censors to the unlicensed. Section 3 of the same act (which is section 356 of the Penal Code) applies only to persons who *commenced* to practice after the passage of this act. Timmerman *v.* Morrison, 14 *Johns.* 369. In order to convict in this case, it was necessary for the people to prove that there was a board of censors of the New York County Medical Society, and that they gave to appellant the required notice. United States *v.* Williams, 5 *Cranch C. C.* 621.

VII. It is not conceded that the acts of 1874 and 1880 are constitutional and valid. People *v.* Marx (*supra*), Matter of Jacobs (*supra*), *Bish. on Stat. Crimes,* § 988 *a.* But assuming their validity, it is clear that they make a distinction as to persons engaged in practice at the time when they were passed, between licensed and unlicensed practitioners. The status of the defendant, with regard to license, prior to the act of 1874, was a material question in the case. And the jury should have been instructed as to the provisions of law bearing on that question. 2 *R. S.* 7th ed. 1094, §§ 16, 17. The court instructed the jury in the language of section 356 of the Penal Code, exactly as if the evidence had shown that he commenced his practice since the passage of that act. This was error.

*Randolph B. Martine,* district attorney (*De Lancey Nicoll,* assistant), for the people, respondent, on the point decided by the court urged : The gist of the misdemeanor is the violation of a general law regulating an occupation in the interest of the public welfare. It is immaterial who the patient was or whether the treatment did him good or ill. The element of personal injury is no part of the offense, which was sufficiently set forth in the general charge of each count; the specific charge was not necessary to sustain the indictment. Certainty to a common intent does not require in indictments for violations of laws regulating license, &c., an averment of time or the names of the persons so affected by such violations as to serve as instruments of evidence of the breach thereof. It would have been sufficient to allege practice on divers persons. Specifying Irwin was surplusage. This rule was settled in this State by People *v.* Adams (17 *Wend.* 475), Osgood *v.* People (39 *N. Y.* 451), *Wharton Crim. Ev.*, 9th ed., § 1510, *et seq ;* Goodrich *v.* People (19 *N. Y.* 574). The decision of United States *v.* Williams (5 *Cranch*), on which appellant relies, did not turn upon the point he presented. It held that where one instance of a violation of the law was specified in the indictment, totally distinct instances could not be proven; but there is nothing in the present case to show that the patient mentioned by the witness was not John Irwin. In short, there is no variance as there was in the case cited. This indictment was sustained by evidence of a general holding out of himself as a physician by appellant, and proof of one instance of practice. Antle *v.* State, 6 *Tex. Ap.* 202. In the absence of any objection or exception at the trial, that John Irwin was not sufficiently identified as the patient taken to Fulda by Dillon Irwin, that point cannot be raised on appeal for the first time. The indictment and the record together bar a second prosecution of appellant for the offense of practicing physic by prescribing for John Irwin on July 8, 1885. Therefore the defect, if such it were, was merely technical, affected no rights, and will not be considered by the appellate court. People *v.* Osterhout, 3 *N. Y. Crim. Rep.* 443. The record shows that the patient was identified as the boy in the room.

It was not necessary to utter his name, his identity not being put in issue by defendant.

DAVIS, P. J.—The appellant was indicted for unlawfully practicing medicine in the city of New York. The indictment contains three counts: The first charging that the appellant did unlawfully examine, treat and prescribe as a physician for one John Irwin, without being authorized by a license or diploma from any chartered school, State Board of Medical Examiners or medical society. The second count charged that the appellant unlawfully practiced physic, and did unlawfully examine, treat and prescribe for one John Irwin, as a physician, without being lawfully authorized so to do. The third count charged that the appellant did unlawfully practice physic, without having first registered in the clerk's office of the county of New York in the manner and form required by law, and without having so registered as aforesaid, did examine, treat and prescribe for one John Irwin.

On the trial it was shown that a detective in the employ of the New York Medical Society on the 8th of July, 1885, brought a patient who was suffering from skin disease to the office of the appellant; that the appellant looked at him, examined him and gave him a prescription, for which the witness paid him a fee of seventy-five cents. The prescription was produced and put in evidence. The patient was a boy, then in court, but who was not called as a witness, nor was it shown that he was John Irwin. The people rested upon this evidence, and the defendant's counsel moved that the court advise the jury to acquit upon the ground that the evidence was insufficient to warrant a conviction. There was no proof of the name of the patient who was taken to the office by the detective, and none tending to show that his name was John Irwin. The evidence taken together shows that a boy then in court was the person, but it is quite probable that he was not called as a witness, because his name was not that of the person named in the indictment. The offense specifically set forth in the indictment was that of prescribing as a physician for one John Irwin, and there was not a particle of evidence to show that that offense was

committed, nor to show who the patient, in fact, was. There was, therefore, a total failure of evidence to establish the offense charged, and the court ought to have granted the motion and instructed the jury to acquit upon the ground that the evidence was insufficient to warrant a conviction. It is very doubtful whether a conviction under this indictment would be a bar to another conviction for an offense, in prescribing for the same patient. But whether that would be so or not is not material, because the proof failed to show the particular crime alleged in the indictment.

On the part of the defense, it was shown that the appellant is a physician, who has practiced medicine in the city of New York for thirty years, and that before he came to this country he practiced medicine in the University of Halle, and in the College of Medicine and Surgery in Halle, in Prussia; that he underwent an examination for permission to practice medicine and surgery, conducted by Surgeon-General Vanderpool, at Albany; that he passed the examination, and received a commission from the State as a medical officer in the volunteer army. He also produced a certificate, signed by the county clerk, certifying that the appellant, in compliance with chapter 513 of the Laws of 1880, had, on the 27th of June, 1881, duly registered his name and address in the book kept in the county clerk's office for that purpose.

The court charged the jury, in substance, that if they believed the evidence given on the part of the prosecution, it was their duty to convict the defendant of the offense charged in the indictment. Very serious questions arise upon the evidence produced by the appellant, whether or not he was liable to indictment under section 356 of the Penal Code. But it is not necessary to discuss or pass upon them, because we are of opinion that there was a total failure on the part of the people to produce sufficient evidence to justify conviction.

The judgment should be reversed and a new trial granted.

DANIELS, J., concurred; BRADY, J., concurred in the result.